# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### HOT SPRINGS DIVISION

VINCENT HENDERSON                                      PLAINTIFF

v.                         Civil No. 6:17 -cv-6094

NANCY A. BERRYHILL, Commissioner                       DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Vincent Henderson ("Plaintiff") brings this action pursuant to §205(g) of Title II of the

Social Security Act ("The Act"),  42 U.S.C §405(g) (2010), seeking judicial review of a decision

of the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.  __Background__:

On December 18, 2014, Plaintiff protectively filed his application. (Tr. 278).  In his

application, Plaintiff alleges he was disabled due to headaches, dizziness, and seizures with an

alleged onset date of October 19, 2012.  (Tr. 21, 296).  The claim was denied initially on March

25, 2015, and again upon reconsideration on July 20, 2015. (Tr. 212).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript
pages for this case are referenced by the designation "Tr. ___"

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 21, 224). An administrative hearing was held on May 26, 2016, in Little Rock, Arkansas. (Tr. 147). At the administrative hearing, Plaintiff was present and was represented by counsel, Greg Giles. (Tr. 147-170). Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id*. On the date of this hearing, Plaintiff testified he was forty-three (43) years old, which is defined as a "younger person" under 20. C.F.R. § 416.963(c) (SSI), and testified he had completed the ninth grade in school but did obtain a GED. (Tr. 152). Plaintiff amended the onset date to November 30, 2015 at the time of the hearing. (Tr. 150). Medical records were submitted after the hearing and were taken into consideration by the ALJ. (Tr. 21).

On July 19, 2016, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 18-33). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 8, 2014, the initial application date. (Tr. 23, Finding 1). The ALJ determined Plaintiff had the following severe impairments: major motor seizures; essential hypertensions; obesity; organic mental disorder; and affective disorder. (Tr. 23-24, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-26, Finding 3).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined his RFC. (Tr. 26-31, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were only partially consistent with the evidence. *Id*. Second, the ALJ determined Plaintiff returned the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant should only occasionally climb ramps or

stairs; should never climb ladders, ropes, and scaffolds; and can occasionally balance, kneel, and crawl. Due to seizures, the claimant needs to avoid hazards, such as unprotected heights and moving mechanical parts; and should not operate a motor vehicle.

In addition, the claimant should avoid extreme heat in the workplace as well as flashing lights and beeping sounds. He is limited to unskilled work, meaning the claimant is able to understand, remember, and carry out simple instructions, make simple work related decisions, perform work where interpersonal contact is incidental to the work performed, and perform work where supervision is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 32, Finding 5). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of a table worker or a paster. (Tr. 32, Finding 9). The ALJ based this determination upon the testimony of the Vocational Expert. (Tr. 32-33, Finding 10).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 1). Plaintiff submitted additional medical evidence to the Appeals Council, none of which was considered and exhibited by the Appeals Council. (Tr. 1, 39-146). On August 14, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1). On December 29, 2017, Plaintiff filed the present appeal. ECF No. 13. The Parties consented to the jurisdiction of this Court on September 13, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

In his appeal brief, Plaintiff alleges his case should be reversed and remanded for immediate award of benefits for the following reasons: (A) the ALJ's determination failed to consider Plaintiff's non-exertional limitations; and (B) whether substantial evidence supports the ALJ's decision. (ECF No. 13 at 1-13). In response, Defendant argues that there is no basis for reversal in this case. ECF No. 14. The Court will address each of these arguments.

**A. Residual Functional Capacity Analysis**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 13. Plaintiff argues the ALJ did not properly consider the impact of his stroke in November of 2015. (ECF No. 13, p. 5). Upon review of this argument, the court finds no basis for reversal on this issue. The ALJ did evaluate the claim of stroke and found there was not medical evidence establishing the claimant had a stroke, but rather a hospital admission where Plaintiff was treated for postictal neurological deficits and was found to have illegal drugs in his system. (Tr. 4).

Plaintiff's appeal brief does not cite to any such medical record but rather cites to records from Dr. Oge listing a stroke in his medical history. (ECF No. 13. p. 5). There are references to a stroke or possible stroke in other medical records, however the record of the actual stroke is notably absent. An MRI ordered by Nancy Griffin found no evidence of acute intracranial process. (Tr. 128). Plaintiff's intake paperwork at HealthSouth Rehabilitation, the facility which he was referred to by the hospital, states that he was seen in the Emergency room for a seizure with unsteady gait/falling at home and confusion. (Tr. 630). It does not mention a stroke, and states that his diagnosis is postictal neurological deficits. (Tr. 630). Despite finding that there was insufficient medical evidence to establish that Plaintiff had a stroke, the ALJ considered Plaintiff's limitations alleged to have resulted from the stroke. (Tr. 24). Those include Plaintiff's recovery time, which improved quickly after leaving the inpatient rehabilitation center against medical advice after just one day. (Tr. 28).

The ALJ found the Plaintiff could perform only unskilled work and found Plaintiff had the RFC to perform sedentary work but could only occasionally climb ramps or stairs; could never climb ladders, ropes, and scaffolds, and could occasionally balance, kneel, and crawl. (Tr. 26-27). The ALJ specifically found that, due to his seizures, Plaintiff would need to avoid hazards such as unprotected heights and moving mechanical parts and should not operate a motor vehicle. (Tr. 26). Additional limitations including avoiding extreme heat as well as flashing lights and beeping sounds were added. (Tr. 27).

After considering these findings, the court finds no basis for reversal on this issue.

### B. Subjective Complaints

In his appeal brief, Plaintiff alleges the ALJ did not properly weigh the effect of the medication Depakote on his ability to work. (ECF No. 13, p. 5). At the hearing the ALJ asked

Plaintiff whether he would be able to do a job where he was able to sit down throughout the day and would not have to be around flashing noises or lights or beeping. (Tr. 160). Plaintiff replied he could not do such a job because of his Dilantin and nerve pills which make him drowsy and unfocused. (Tr. 160). Although these are two separate formulations, both medications are used in the treatment of seizures and are claimed by the Plaintiff to cause drowsiness.

In assessing the Plaintiff's complaints, the ALJ considered the Plaintiffs testimony that he was able to perform his own personal care, shop, clean, and perform other household tasks. (Tr. 25). The ALJ also considered the reports of Diane Kogut, Ph.D., and Winston Brown, M.D., the reviewing State agency medical consultants who opined that the claimant was only mildly limited in activities of daily living. (Tr. 25).

Although it is clear that Plaintiff suffers some degree of limitation, he has not established he was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. Hypothetical Given to Vocational Expert

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. *Id*. Based on the Court's previous conclusion that the ALJ's RFC findings are supported by substantial evidence, the Court holds that the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id., see also Lacroix*, 465 F.3d at 889.

**4.  Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of September 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE